UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-20883-ALTMAN/REID

ANTHONY EZEQUIEL LOPEZ,

    Movant,
v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

This matter is before the court on Anthony Ezequiel Lopez's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 ("Motion") [CV ECF No. 1][1]. United States District Court Judge Roy K. Altman referred the Motion to me for (1) an evidentiary hearing on Lopez's claim that he was denied effective assistance of counsel by his counsel's failure to consult with him about an appeal; and (2) a report and recommendation on the same. [CV ECF No. 18]. For the reasons discussed below, I respectfully **RECOMMEND** that Lopez's Motion to Vacate be **GRANTED** as to his claim of ineffective assistance of counsel for failure to consult about an appeal.

### I.    Factual and Procedural Background

In 2021, a federal grand jury in the Southern District of Florida returned a two-count indictment charging Lopez with selling child pornography (Count 1) and possessing child pornography (Count 2). *See* 18 U.S.C. § 2252 (a)(3)(B), (a)(4)(B), (b)(2). [CR ECF No. 5]. The district court appointed James S. Benjamin ("Attorney Benjamin") as Lopez's trial counsel. [CR

---

[1] Citations to [CV ECF] refer to docket entries in this civil case, Case No. 23-CV-20883-ALTMAN. Citations to [CR ECF] refer to docket entries in Movant's underlying criminal case, Case No. 21-CR-20496-ALTMAN-1.

1

ECF No. 2]. On April 27, 2022, Lopez entered into a plea agreement, in which he agreed to plead guilty to Count 1. [CR ECF No. 25]. In exchange, the Government agreed to dismiss Count 2. [CR ECF No. 25]. The plea agreement specified that Lopez faced a statutory mandatory minimum of 5 years' imprisonment and a statutory maximum term of 20 years in prison. Additionally, Lopez was subject to a minimum term of 5 years' supervised release up to life. [CR ECF No. 25]. The pretrial services report calculated Lopez's advisory guideline range as 210–262 months, based on a total offense level of 37 and a criminal history category of I. Lopez filed a sentencing memorandum in which he urged the court to vary downward and impose the mandatory minimum term of 5 years' imprisonment.  [CR ECF No. 33]. The district court ultimately sentenced Lopez to 135 months' imprisonment and 20 years of supervised release. [CR ECF No. 40]. The district court ordered Lopez to self-surrender within 90 days of the sentencing hearing. [CR ECF No. 37].

<u>Motion to Vacate under 28 U.S.C. § 2255</u>

Lopez did not appeal his sentence or conviction. Instead, on March 6, 2023, he filed a *pro se* motion entitled "motion for reconsideration," which the district court construed as a motion to vacate under § 2255. [CR ECF No. 44]. Among other claims, Lopez, argued that trial counsel performed ineffectively by telling him "not to appeal . . . because the appeal court would deny it anyway." [CV ECF No. 5 at 7].  The district judge granted an evidentiary hearing on the limited issue of whether Lopez's counsel rendered ineffective assistance by failing to adequately consult with him about an appeal. [CV ECF No. 10]. Additionally, Lopez would be allowed to proffer evidence for his claim that counsel ignored his request to file a notice of appeal—even though Lopez first raised this claim in his reply brief. [CV ECF No. 18 at 15]. Lopez's other § 2255 claims, however, were denied. [CV ECF No. 18 at 18]. New counsel was appointed to represent Lopez at all further stages of this § 2255 proceeding. [CV ECF No. 18].

Evidentiary Hearing

I conducted an evidentiary hearing on October 4, 2023. [CV ECF No. 24]. Lopez and Attorney Benjamin testified at the hearing. [CV ECF No. 24].

Anthony Lopez's Testimony

Lopez testified that Attorney Benjamin was appointed to represent him at the trial level. He entered into a plea agreement to resolve his case. He was aware the agreement did not contain an appeal waiver. He recounted that, moments after the sentencing hearing, he spoke with Attorney Benjamin in a hallway outside the courtroom. Lopez was upset about the length of his sentence and asked Attorney Benjamin "if it would be a good idea to file an appeal." Attorney Benjamin responded that "he th[ought] it would not be a good idea because the court would probably deny it." Lopez testified he did not ask again about an appeal because "[Mr. Benjamin] said [it would] probably [be] denied, so I was just thinking, 'why do it?'" Lopez stated this was first arrest and he had no experience with the criminal justice system. He did not speak or communicate with Attorney Benjamin again and did not ask Attorney Benjamin to file a notice of appeal.

James S. Benjamin's Testimony

Attorney Benjamin testified he recalled speaking with Lopez after the sentencing hearing in the court's anteroom. Lopez was upset about the length of his sentence, in part because Lopez's co-defendant received a lower variance. Lopez asked him something to the effect of "is there anything to appeal?" and he responded. Although he could not recall exactly what he told Lopez, he testified that it was something to the effect of, "you got a downward departure. Nothing jumps out at me." Based on the exchange in the court's anteroom, he did not find it necessary to further discuss an appeal. And, at the time, he did not think there was basis for an appeal. Attorney

3

Benjamin corroborated that Lopez never asked him to file a notice of appeal. He testified that had Lopez done so, he would have immediately filed the notice of appeal.

## II.   Legal Analysis

To succeed on an ineffective-assistance claim, a defendant must show that (1) his attorney's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A § 2255 movant can meet this test in two ways. *See Rios v. United States*, 783 F. App' x 886, 891 (11th Cir. 2019). First, he can show that counsel disregarded a specific instruction to file a notice of appeal. *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable."). Counsel's performance in these circumstances is *per se* deficient because "the decision to appeal rests with the defendant." *Id.* at 479. Moreover, prejudice is presumed when counsel's deficient performance deprives a defendant of an appeal that he otherwise would have taken. *Garza v. Idaho*, 139 S. Ct. 738, 750 (2019).

Second, a § 2255 movant can show that counsel failed to adequately consult with him about an appeal and that, had he received reasonable advice from counsel about the appeal, he would have instructed his counsel to file an appeal. *Flores-Ortega*, 528 U.S. at 478. In *Thompson v. United States*, the Eleventh Circuit explained that "adequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal." 504 F.3d 1203, 1206 (11th Cir. 2007).

To prove deficient performance under this route, the movant must show that counsel had a "constitutionally imposed duty to consult." *Flores-Ortega*, 528 U.S. at 480. Counsel has a duty to

consult when (1) a rational defendant would want to appeal; or (2) the particular defendant reasonably demonstrated an interest in appealing. *Thompson*, 504 F.3d at 1207. In making this determination, courts must take into account all the information counsel knew or should have known. *Flores-Ortega*, 528 U.S. at 480. While there is no "bright-line rule" that counsel must always consult with a defendant regarding an appeal, the Supreme Court has recognized that counsel will have a duty to consult "in the vast majority of cases." *Id.* at 480–81. If "counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," then the court must apply a "presumption of prejudice regardless of how many appellate claims were foreclosed." *Garza*, 139 S. Ct. at 747 (quoting *Flores-Ortega*, 528 U.S. at 484).

Lopez argues here that trial counsel failed to adequately consult with him about an appeal. He reasonably demonstrated an interest in appealing when he asked Attorney Benjamin after the sentencing hearing whether he should appeal and by showing dissatisfaction with his sentence. This showing triggered his lawyer's duty to adequately consult with him about his right to appeal. Attorney Benjamin, however, simply stated that an appeal would be denied. This response, he argues, was insufficient.

On this record, I find Attorney Benjamin's consultation was insufficient. As the Eleventh Circuit has explained, "[s]imply asserting the view that an appeal would not be successful does not constitute "consultation" in any meaningful sense." *Thompson*, 504 F.3d at 1207. In *Thompson*, counsel's five-minute consultation with the client regarding his right to appeal was inadequate given the circumstances of the case. There, the defendant's trial counsel had simply reiterated the Court's instruction that the client had a right to appeal and opined that an appeal would be unsuccessful. *Id.* The court reasoned:

5

> Simply asserting the view that an appeal would not be successful does not constitute "consultation" in any meaningful sense. No information was provided to [the client] from which he could have intelligently and knowingly either asserted or waived his right to an appeal. This record is clear that no reasonable effort was made to discover [the client]'s informed wishes regarding an appeal.

*Id.*

Here, crediting Attorney Benjamin's testimony that Lopez's words were "is there anything to appeal?" Lopez reasonably demonstrated an interest in an appeal by asking about one and showing dissatisfaction with his sentence. At this point, Attorney Benjamin's duty to adequately consult with Lopez about an appeal was triggered. *See Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011) (holding duty to consult triggered when movant asked trial counsel "what's next? What can we do now?" after court announced movant's sentence). As a result, Attorney Benjamin was required to advise Lopez "about the advantages and disadvantages of taking an appeal" and then to make a reasonable effort to ascertain Lopez's wishes, "regardless of the merits of such an appeal." *Thompson*, 504 F.3d at 1206. Instead, Attorney Benjamin simply answered that "nothing jumped out at him" and pointed out that Lopez had "received a downward departure." This was insufficient to advise Lopez of the possible advantages and disadvantages of appealing his sentence.

In *Palacios*, the Court held that trial counsel failed to adequately consult with his client about an appeal when he merely responded that nothing could be done because the client waived his right to appeal, and the district court had sentenced him within the guidelines range. 453 F. App'x at 888. The Court explained trial counsel did not "attempt to determine whether [the client] wished to file an appeal or discuss the advantages or disadvantages of filing such an appeal" *Id.*

And in *Rios v. United States*, the Court held that the trial counsel failed to adequately consult with his client because "while [counsel] may have believed that an appeal would be a waste

of time, he still had a duty to consult with his obviously distressed client about an appeal because 'the decision to appeal rests with the defendant.'" 783 F. App'x 886, 893 (11th Cir. 2019) (quoting *Flores-Ortega*, 528 U.S. at 479); *see also Rojas-Medina v. United States*, 924 F.3d 9, 17 (1st Cir. 2019) ("Trial counsel's two-minute chat with the petitioner, without more, was insufficient to discharge this duty.").

Here too, the decision to appeal rested with Lopez. There is no evidence in the record, that Attorney Benjamin provided adequate information from which Lopez would have made an *informed* decision. Accordingly, I find that Lopez has established by a preponderance of the evidence his claim that trial counsel's performance was deficient.

In sum, Lopez has demonstrated interest in an appeal; that Attorney Benjamin failed to adequately consult with Lopez about his appellate rights; and that the Court must presume that Lopez was prejudiced even if his appeal would have been meritless. *See Thompson*, 504 F.3d at 1207–08 ("Because a direct appeal of a federal conviction is a matter of right, we determine whether a defendant has shown that there is a reasonable probability that he would have appealed without regard to the putative merits of such an appeal.") (cleaned up); *see also Garza*, 139 S. Ct. at 747 ([W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit.") (cleaned up) (quoting *Flores-Ortega*, 528 U.S. at 480). Accordingly, Lopez is entitled to filing a notice of appeal.

### III.  Recommendations

For the foregoing reasons, it is **RECOMMENDED** that:

1) Movant's Motion to Vacate [ECF No. 1] be **GRANTED** solely as to his claim that counsel was ineffective to the extent that he may file a belated appeal in his criminal case;

2) The district court judge enter an amended judgment of conviction from which appeal may be taken so that Movant may file a Notice of Appeal.

Objections to this report may be filed with the district judge within **FOURTEEN** days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**SIGNED** this 10th day of October 2023.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **Chief United States District Judge Roy K. Altman;**

**All Counsel of Record**