**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

CASE NOS. 23-cv-20883-ALTMAN
21-cr-20496-ALTMAN

**ANTHONY EZEQUIEL LOPEZ**,

    *Movant*,

v.

**UNITED STATES OF AMERICA**,

    *Respondent.*

_____/

**ORDER**

Anthony Ezequiel Lopez, a federal prisoner serving a 135-month sentence for selling child pornography, filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. *See* Amended Motion to Vacate ("Motion") [ECF No. 5]. Although we denied most of Lopez's claims for relief, we granted an evidentiary hearing on *one subclaim*: whether Lopez's "lawyer failed to adequately consult with him about an appeal and . . . ignored his request to file a notice of appeal." Order Denying in Part Motion to Vacate ("2255 Order") [ECF No. 18] at 15. We then referred that subclaim to U.S. Magistrate Judge Lisette M. Reid. *See id.* at 18.

After conducting a hearing on October 4, 2023, Magistrate Judge Reid issued an R&R, in which she suggested that we grant Lopez relief on this last subclaim and "enter an amended judgment of conviction from which [an] appeal may be taken so that Movant may file a Notice of Appeal." R&R [ECF No. 25] at 8. Magistrate Judge Reid also warned the parties as follows:

> Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

*Ibid.* The Government filed Objections to Magistrate Judge Reid's R&R. *See* Government's Objections ("Objections") [ECF No. 26]. After careful review, we **OVERRULE** the Government's Objections, **ADOPT in PART** Magistrate Judge Reid's R&R, and **GRANT in PART** and **DENY in PART** the Motion.

## THE LAW

District courts must review *de novo* any part of a magistrate judge's disposition that has been properly objected to. *See* FED. R. CIV. P. 72(b)(3). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require a *de novo* review only where objections have been properly filed—and not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). "If no objection or only [a] partial objection is made to the magistrate judge's report, the district judge reviews those unobjected portions for clear error." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006) (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) (cleaned up)).

When a party timely objects to a magistrate judge's report and recommendation, the district judge must make a *de novo* determination "of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also Leonard v. Polk Cnty. Sheriff's Dep't*, 2019 WL 11641375, at *1 (M.D. Fla. Apr. 16, 2019) (Jung, J.). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Tardon*, 493 F. Supp. 3d 1188, 1209 (S.D. Fla. 2020) (Lenard, J.) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). The "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th

Cir. 1988) (citation omitted).

## ANALYSIS

Of the four claims Lopez advanced in his Motion, we granted an evidentiary hearing only on the first subclaim of Ground Three, where Lopez contended that his lawyer "failed to adequately consult with him about an appeal" and "ignored his request to file a notice of appeal." 2255 Motion at 15. Magistrate Judge Reid heard from two witnesses during the evidentiary hearing: Lopez and Lopez's trial counsel. *See* R&R at 3. Lopez testified that, moments after his sentencing hearing, he "asked [the] Attorney [ ] 'if it would be a good idea to file an appeal'" since he "was upset about the length of his sentence[.]" *Ibid.* Counsel (Lopez says) responded that "he thought it would not be a good idea because the court would probably deny it." *Ibid.* (cleaned up). Based on this brief exchange with his lawyer, Lopez—who "had no experience with the criminal justice system" outside of this case—made no further inquiries about an appeal. *Ibid.* As he explained, "[my lawyer] said [an appeal] would probably be denied, so I was just thinking, 'why do it?'" *Ibid.* Lopez also clarified that he never "ask[ed] [his lawyer] to file a notice of appeal." *Ibid.*

Counsel's testimony was relatively consistent with Lopez's. Counsel recalled speaking with Lopez after his sentencing hearing and noted that Lopez "was upset about the length of his sentence, in part because Lopez's co-defendant received a lower variance." *Ibid.* Counsel also remembered that Lopez "asked him something to the effect of 'is there anything to appeal?'" *Ibid.* Although counsel couldn't recall his exact response, "he testified that it was something to the effect of, 'you got a downward departure. Nothing jumps out at me.'" *Ibid.* Counsel "did not find it necessary to further discuss an appeal." *Id.* at 4. Nor did he "think there was basis for an appeal." *Ibid.* Finally, counsel confirmed that "Lopez never asked him to file a notice of appeal" and that, "had Lopez done so, he would have immediately filed the notice of appeal." *Id.* at 4.

The issue before us, then, is whether Lopez has shown that "defense counsel's [deficient] advice prevented him from filing an appeal." 2255 Motion at 15. Magistrate Judge Reid concluded that the answer was "Yes." Magistrate Judge Reid found that, "when [Lopez] asked [his lawyer] after the sentencing hearing whether he should appeal," Lopez had "reasonably demonstrated an interest in appealing," which "triggered his lawyer's duty to adequately consult with him about his right to appeal." R&R at 5. In Magistrate Judge Reid's view, counsel didn't fulfill his obligation to his client because he never "advise[d] Lopez 'about the advantages and disadvantages of taking an appeal'" and offered, instead, a perfunctory observation that "nothing" about Lopez's case "jumped out at him" as appealable. *Id.* at 6 (quoting *Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007)).

In its sole objection to the R&R, the Government "submits that Mr. Lopez did not demonstrate an interest in appealing but was merely seeking out his Attorneys' [sic] advice regarding filing an appeal." Objections at 2. The Government (notably) doesn't challenge Magistrate Judge Reid's finding that counsel failed to consult with Lopez about the appellate process.

We'll start with the easy (and uncontested) part. When we granted Lopez an evidentiary hearing on this subclaim, we allowed him to argue that his lawyer *both* "failed to adequately consult with him about an appeal" *and* "ignored [Lopez's] request to file a notice of appeal." 2255 Motion at 15. Magistrate Judge Reid's R&R didn't address this latter claim (*viz.*, that counsel ignored Lopez's request to file a notice of appeal), but she did find that Lopez *never* asked his lawyer to file a notice of appeal. *See* R&R at 3–4 ("[Lopez] did not ask [his lawyer] to file a notice of appeal. . . . [The] Attorney [ ] corroborated that Lopez never asked him to file a notice of appeal."). Lopez doesn't contest this finding. Since the record is undisputed that Lopez didn't direct his lawyer to file a notice of appeal, counsel's failure to file a notice of appeal didn't constitute ineffective assistance of counsel. *See, e.g.*, *Mosley v. United States*, 2022 WL 1720855, at *8 (S.D. Fla. May 11, 2022) (Becerra, Mag. J.) ("Petitioner's ineffective assistance of counsel claim fails because the evidence in the record established that

4

Petitioner never asked [counsel] to file a direct appeal."), *report and recommendation adopted*, 2022 WL 1719324 (S.D. Fla. May 27, 2022) (Ruiz, J.). We thus **DENY** the Motion to the extent it claims that counsel ignored Lopez's request to appeal.

Turning to Lopez's argument that counsel failed to consult with him about an appeal, we fully adopt Magistrate Judge Reid's finding that "Lopez [ ] demonstrated interest in an appeal; that [the] Attorney [ ] failed to adequately consult with Lopez about his appellate rights; and that the Court must presume that Lopez was prejudiced even if his appeal would have been meritless." R&R at 7. Even if a defendant doesn't make "a specific request of his attorney to file an appeal," the lawyer may still have a duty to "consult[ ] with the client regarding the advantages and disadvantages of appealing and [make] a reasonable effort to determine the client's wishes." *Gomez-Diaz v. United States*, 433 F.3d 788, 792 (11th Cir. 2005) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000)). "Counsel has a constitutional duty to consult with a defendant about an appeal when: (1) any rational defendant would want to appeal; or (2) the defendant reasonably demonstrated an interest in appealing." *Thompson*, 504 F.3d at 1207. "So long as a defendant can show that 'counsel's constitutionally deficient performance deprived him of an appeal that he otherwise would have taken,' courts are to 'presume prejudice with no further showing from the defendant of the merits of his underlying claims.'" *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019) (quoting *Flores-Ortega*, 528 U.S. at 484).

We disagree with the Government's view that Lopez "did not demonstrate an interest in appealing[.]" Objections at 2. Both Lopez and his lawyer testified that Lopez was visibly "upset" after his sentencing hearing and that he immediately asked counsel either "if it would be good idea to file an appeal" or "is there anything to appeal?" R&R at 3. Counsel also explained that Lopez was at least partially dissatisfied with his sentence because his "co-defendant received a lower variance." *Ibid.* With this context in mind, we find that Lopez reasonably demonstrated a genuine interest in appealing his sentence. *See Thompson*, 504 F.3d at 1208 ("Here, according to Counsel's own testimony, Thompson

was 'unhappy' with his sentence as compared to that of his co-defendants, and asked about the right to appeal at sentencing. Under these circumstances, Counsel had a clear duty to consult with Thompson."); *Palacios v. United States*, 453 F. App'x 887, 889 (11th Cir. 2011) ("At the evidentiary hearing, [counsel] testified that after the court announced Palacios's sentence Palacios asked 'what's next? What can we do now? Something along those lines.' . . . Because Palacios's conduct reasonably demonstrated an interest in appealing, it triggered [counsel's] duty to consult with him about his appeal.").

And, since Lopez "reasonably demonstrated an interest in appealing," Magistrate Judge Reid was right to say that counsel "had an affirmative duty to consult" Lopez about his right to appeal. *Thompson*, 504 F.3d at 1207. A lawyer fulfills his duty to consult about an appeal when he informs the defendant "about the advantages and disadvantages of taking an appeal" and "mak[es] a reasonable effort to discover the defendant's wishes." *Flores-Ortega*, 528 U.S. at 478. Conversely, counsel *fails* to consult adequately with a defendant by "[s]imply asserting the view that an appeal would not be successful[.]" *Thompson*, 504 F.3d at 1207; *see also, e.g.*, *Stanton v. United States*, 397 F. App'x 548, 550 (11th Cir. 2010) ("Counsel's statement that there were no appealable issues without further explanation did not constitute adequate consultation.").

The latter scenario is exactly what we have here. When Lopez asked his lawyer whether there was anything to appeal, counsel said that "[n]othing jumps out at me." R&R at 3. At no point did counsel discuss with Lopez the advantages and disadvantages of an appeal. *See ibid.* Of course, counsel's assessment of the merits of any future appeal may well be accurate, but that doesn't mean he effectively consulted with Lopez about his right to appeal. *See Rios v. United States*, 783 F. App'x 886, 893 (11th Cir. 2019) ("While [counsel] may have believed that an appeal would be a waste of time, he still had a duty to consult with his obviously distressed client about an appeal because 'the decision to appeal rests with the defendant.'" (quoting *Flores-Ortega*, 528 U.S. at 479)); *see also Garza*, 139 S. Ct.

6

at 747 ("[W]e reaffirm that, when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal, with no need for a further showing of his claims' merit[.]" (cleaned up)). We thus agree with Magistrate Judge Reid that (1) Lopez demonstrated a genuine interest in appealing, (2) counsel had a constitutional obligation to consult with Lopez about an appeal, and (3) counsel failed to adequately consult with Lopez because he merely opined that an appeal would be unsuccessful.

When a movant demonstrates that he's entitled to relief under § 2255, we must "vacate and set the judgment aside" and "select one of four remedies: discharge the prisoner, resentence him, grant a new trial, or correct the sentence." *United States v. Cody*, 998 F.3d 912, 916 (11th Cir. 2021) (quoting 28 U.S.C. § 2255(b)). Magistrate Judge Reid recommended that we resentence Lopez to the same sentence he's currently serving because, by doing do, we'll be entering "an amended judgment of conviction from which [an] appeal may be taken[.]" R&R at 8. Lopez doesn't object to this remedy, and we agree that this is the proper course to take—especially since counsel's deficient performance only prejudiced Lopez's ability to file a direct appeal. *See United States v. Phillips*, 225 F.3d 1198, 1201 (11th Cir. 2000) ("When the district courts of this circuit conclude that an out-of-time appeal in a criminal case is warranted as the remedy in a § 2255 proceeding, they should effect that remedy in the following way: (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is [fourteen] days, which is dictated by Rule 4(b)(1)(A)(i).").

We'll therefore **GRANT** Lopez's § 2255 Motion on this subclaim, issue an amended criminal judgment from which Lopez can file a notice of appeal, and advise Lopez that he has fourteen days

7

from the entry of this amended judgment to file a notice of appeal. If he cannot afford the cost of that appeal, Lopez can move for leave to appeal *in forma pauperis.*

### CERTIFICATE OF APPEALABILITY

A Certificate of Appealability ("COA") is appropriate only when the movant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To deserve a COA, therefore, the movant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a district court has disposed of claims . . . on procedural grounds, a COA will be granted only if the court concludes that 'jurists of reason' would find it debatable both 'whether the petition states a valid claim of the denial of a constitutional right' and 'whether the district court was correct in its procedural ruling.'" *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001) (quoting *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000)).

In our prior order, we decided to "hold off" on deciding whether to issue a COA until we had resolved this last subclaim. *See* 2255 Order at 18. Although we've now granted Lopez relief on this subclaim, we denied every other claim Lopez advanced in his Motion. So, to the extent Lopez wants to appeal the denial of those *other* claims—the ones we've denied already—we **DENY** any request for a COA because reasonable jurists wouldn't debate our assessment of the viability of *those other* constitutional claims.

\*   \*   \*

Having carefully reviewed the record and the governing law, we hereby **ORDER AND ADJUDGE** as follows:

1. The R&R [ECF No. 25] is **ADOPTED in PART** as set forth in this Order. The Government's Objections [ECF No. 26] are **OVERRULED**.
2. Lopez's remaining subclaim is **GRANTED in part** and **DENIED in part**. Lopez is only

entitled to relief on his claim that defense counsel failed to adequately consult with him about an appeal.

3. Pursuant to 28 U.S.C. § 2255(b), we'll **VACATE** Lopez's criminal judgment and issue an amended judgment, imposing the very same sentence Lopez is currently serving. Once we've entered that amended judgment, Lopez will have the right to appeal his conviction and sentence to the U.S. Court of Appeals for the Eleventh Circuit. If Lopez chooses to appeal, his notice of appeal must be filed (with us) within fourteen days of the date of the amended judgment. If Lopez cannot afford to pay the appeal costs, he may seek permission to appeal *in forma pauperis*.

4. A certificate of appealability will **NOT ISSUE**.

5. The Clerk is instructed to **CLOSE** this civil case.

**DONE AND ORDERED** in the Southern District of Florida on October 26, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record